IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LAKISHA ROCHELLE GRIFFIN**                                                                 **PLAINTIFF**

V.                                                                                                    NO. 4:14-CV-00132-DMB-JMV

**HSBC MORTGAGE SERVICES, INC.,
HSBC FINANCE CORPORATION,
AMERICAN SECURITY INSURANCE,
CO., ASSURANT, INC., LSI REAL
ESTATE TAX, CORELOGIC SERVICES,
CORESTAR FINANCIAL GROUP, LLC,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
MERSCORP HOLDINGS, INC., JOHN
DOES AFFILIATES FOR CORESTAR
FINANCIAL GROUP 1-5, JOHN DOES
INSURANCE DEFENDANTS 6-10, FEES
AND CHARGES DEFENDANTS 16-20,
HSBC JOHN DOES 21-25, OTHER JOHN
DOES 26-30, CALIBER HOME LOANS,
INC., AMERIPRISE INSURANCE
COMPANY, IDS PROPERTY CASUALTY
INSURANCE COMPANY, TRUCK
INSURANCE EXCHANGE, AND JOHN
DOES SERVICES**                                                                                  **DEFENDANTS**

**ORDER ON PENDING MOTIONS**

This multi-count action arises from a dispute concerning the servicing of a debt consolidation loan. Plaintiff Lakisha Rochelle Griffin contends that the loan originator and servicer (along with their agents, assigns and successors), and various insurance companies mishandled her loan payments in breach of the deed of trust and in violation of other state and federal laws. Defendant Assurant, Inc. ("Assurant"); Defendant American Security Insurance

Company ("American Security"); and Defendants Mortgage Electronic Registration Systems, Inc., and Merscorp. Holdings, Inc. (collectively, "MERS"); have moved to dismiss Griffin's Second Amended Complaint. Docs. #30, #32, #24. Griffin has moved to strike much of the evidence submitted by American Security in support of its motion to dismiss. Doc. #51.

# I
# Relevant Allegations

In early 2006, Griffin "sought out a debt consolidation loan [that] would cover the debt on her home, her property taxes, her hazard insurance, and her flood insurance with one predictable monthly payment to a single entity." Doc. #2 at ¶ 23. Griffin secured a loan and executed a promissory note and deed of trust, using her home as collateral. *Id*. at ¶ 25; Doc. #32-1. The deed of trust identifies Corestar Financial Group, LLC, as "Lender," and Mortgage Electronic Systems, Inc., as the "nominee for Lender and Lender's successors and assigns."[1] Doc. #32-1 at ¶¶ (C), (E).

"HSBC" serviced the loan.[2] Doc. #2 at ¶¶ 25–26. Griffin claims that "HSBC employed a number of different service providers to perform or exercise various parts of the lender's duties, obligations and rights as well as its duties, obligations and rights as the loan servicer." *Id*. at ¶ 26. "HSBC" purportedly hired American Security and the John Doe insurance companies to handle all of its obligations related to insurance. *Id*. at ¶ 26(a)–(c). These obligations included force placing flood and hazard insurance upon the occurrence of certain events to protect the collateral property against catastrophic loss. *Id*. at ¶¶ 26(a), 52–54, 74.

---

[1] American Security attached the deed of trust to its motion to dismiss. Doc. #32-1. The Court considers the deed of trust in evaluating the motions to dismiss because it is "referred to in [Griffin's] complaint and [is] central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) (quotation marks and citation omitted); Doc. #2 at ¶ 25. Griffin concedes that the "Deed of Trust meets the criteria for consideration on a Motion to Dismiss." Doc. #51 at ¶ 4; Doc. #52 at 2.

[2] As explained in section III(B) below, "HSBC" could refer to any one of several defendants.

In April of 2013, a fire destroyed the collateral property—Griffin's home. *Id*. at ¶ 68. A few months later, Griffin discovered that "HSBC" had farmed out many of its obligations to other entities. *Id*. at ¶ 25. She also learned that her home was not insured despite charges for force placed hazard insurance appearing on both the March and April 2013 loan account statements. *Id*. at ¶ 74. These revelations prompted a series of communications between Griffin, "HSBC," and many of the other defendants regarding Griffin's loan payments and the defendants' handling of those funds. *Id*. at ¶¶ 72–109. After receiving many delayed and inadequate responses to her queries, Griffin filed this suit in the Circuit Court of Washington County, Mississippi. Defendant HSBC Finance Corporation removed the action to this federal court,[3] with the consent or joinder of the other defendants.

Griffin alleges ten causes of action: (1) breach of contract; (2) breach of escrow fiduciary duties; (3) fraud or misrepresentation; (4) violation of the Real Estate Settlement Procedures Act; (5) violation of Mississippi consumer protection statutes; (6) civil conspiracy regarding insurance; (7) breach of the implied covenant of good faith and fair dealing; (8) accounting; (9) declaratory judgment; and (10) unjust enrichment.

## II
## Assurant's Motion to Dismiss

On October 8, 2014, Assurant filed a motion to dismiss challenging this Court's subject matter jurisdiction and this Court's personal jurisdiction over it, and alleging that Griffin's complaint "fails to state a claim against Assurant under federal pleading standards." Doc. #30 at 2. The next day, in compliance with the Court's local rules, Magistrate Judge Jane Virden stayed the attorney conference and disclosure requirements, and all discovery not related to the

---

[3] The case was removed based on the assertion of "original jurisdiction under 28 U.S.C. § 1331 (federal question) and § 1332 (diversity)." Doc. #1.

jurisdictional issue pending resolution of Assurant's motion. Doc. #35. On December 19, 2014, before Assurant filed an answer or motion for summary judgment, Assurant's counsel, on behalf of Assurant and Griffin, filed a joint stipulation of dismissal with prejudice purporting to dismiss Assurant pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Doc. #50.

The joint stipulation does not constitute a stipulation of dismissal under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure because it is not "signed by all parties who have appeared."[4] But, it does substantially satisfy the requirements for dismissal under Rule 41(a)(1)(A)(i), which "allows a plaintiff to voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." *See In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) (internal quotation marks and citation omitted). The joint stipulation is signed by Griffin's counsel, was filed before Assurant filed either an answer or motion for summary judgment, and expresses Griffin's clear intent to dismiss Assurant with prejudice.[5] That it is titled, "Joint Stipulation of Dismissal of Defendant Assurant, Inc. with Prejudice" rather than "Notice of Dismissal" is not controlling. *See Oswalt v. Scripto, Inc.*, 616 F.2d 191, 195 (5th Cir. 1980) (explaining that in interpreting Rule 41, this Circuit does not "countenance a mechanistic view of the Federal Rules of Civil Procedure [that] exalt[s] form over substance"); *see also Williams v. Ezell*, 531 F.2d 1261, 1263 (5th Cir. 1976) ("That it was styled a 'Motion for Dismissal' rather than a 'Notice of Dismissal' is, in our opinion, a distinction without a difference.").

---

[4] Several months after filing the joint stipulation, Griffin's counsel and Assurant's counsel e-mailed a proposed order to the Court granting Assurant's dismissal. The proposed order, unlike the actual filing, is signed by all of the attorneys who have appeared in this matter.

[5] Assurant's motion to dismiss, filed before the self-styled joint stipulation of dismissal, is not equivalent to a motion for summary judgment. *Nix v. Fulton Lodge No. 2, Int. Ass'n of Machinists and Aerospace Workers*, 452 F.2d 794 (5th Cir. 1972) (motions to dismiss based on insufficiency of service of process, lack of subject matter jurisdiction, failure to state claim, and res judicata are not equivalent of motion for summary judgment for purposes of Rule 41).

Because the substance of the joint stipulation satisfies Rule 41(a)(1)(A)(i), Assurant's dismissal with prejudice was effectuated. *Florists' Mut. Ins. Co. ex rel. Plains Growers v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 255 (5th Cir. 1973) ("[R]eading the rules governing dismissal by notice and dismissal by motion together, we conclude that it was intended by the rule-makers to permit dismissal against such of the defendants as have not served an answer or motion for summary judgment, despite the fact that the case might remain pending against other defendants."); *Kay v. Online Vacation Ctr. Holdings Corp.*, 539 F. Supp. 2d 1372, 1373 n.1 (S.D. Fla. 2008) ("[B]y filing his notice of dismissal [with prejudice under Rule 41(a)(1)(A)(i)], Plaintiff … has dismissed all of his claims against Defendant with prejudice.").

Consequently, Assurant's motion to dismiss will be denied as moot.[6]

### III
### American Security's Motion to Dismiss

American Security moves to dismiss Griffin's Second Amended Complaint under both Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Doc. #32. American Security makes two primary arguments.[7] First, it "challenges [Griffin's] Article III standing" by arguing that because the filed rate doctrine bars Griffin's claims, she cannot demonstrate an injury in fact. Doc. #33 at 10, 12 n.10, 13–14. Next, it argues that Griffin's complaint is a "shotgun pleading," which fails to meet the pleading standards set forth in the Federal Rules of Civil Procedure. *Id*. at 2–4.

---

[6] In the order staying the case based on Assurant's jurisdictional challenge, Plaintiff was instructed to "submit a proposed order lifting the stay within 7 days of any ruling denying the motion to dismiss." Doc. #35. Because Assurant's motion has now been denied as moot, the grounds for the stay no longer exist.

[7] American Security also makes several other arguments concerning the merit of Griffin's claims under Rule 12(b)(6). Doc. #33. Because the Court concludes that Griffin has failed to comply with federal pleading standards, those arguments need not be addressed at this time.

# A
# Filed Rate Doctrine

Before discussing the adequacy of Griffin's pleadings, the Court first addresses American Security's contention that the filed rate doctrine somehow "challenges [Griffin's] Article III standing."[8] Doc. #33 at 12 n.10.

"The filed rate doctrine bars suit against regulated entities, like insurance companies, grounded on the allegation that the rate charged is unreasonable." *Kirksey v. Am. Bankers Ins. Co. of Fla.*, 114 F. Supp. 2d 526, 529 (S.D. Miss. 2000) (citation omitted). "Simply stated, the doctrine holds that any 'filed rate'—that is, one approved by the governing regulatory agency—is per se reasonable and unassailable in judicial proceedings brought by ratepayers." *Wegoland Ltd. v. NYNEX Corp.*, 27 F.3d 17, 18 (2d Cir. 1994); *United Gas Pipe Line Co. v. Willmut Gas & Oil Co.*, 97 So. 2d 530, 535 (Miss. 1957) (Plaintiff "can claim no rate as a legal rate that is other than the filed rate.").

American Security argues that many of Griffin's claims "are premised on an allegation that the rates she was charged for [force placed insurance] were excessive or inflated," and thus, the filed rate doctrine bars Griffin's claims. Doc. #33 at 10 (internal quotation marks omitted). American Security concludes that because Griffin cannot demonstrate a cognizable injury (due to the filed rate doctrine), she also lacks standing to bring the suit. Doc. #33 at 13–14.

This Court finds at least one court's treatment of this exact argument persuasive. In *Curtis v. Cenlar FSB*, the court explained:

---

[8] The Court must dismiss a cause for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *See Home Builders Assn. of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998). "A motion to dismiss for lack of Article III standing is properly considered under Rule 12(b)(1)." *Higgins v. Texas Dep't of Health Servs.*, 801 F. Supp. 2d 541, 547 (W.D. Tex. 2011) (citing *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011)). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

> All of the defendants' contentions [about the filed rate doctrine] concern the legal merits of Curtis's complaint. They reason that because Curtis loses on the merits, he has not suffered any "cognizable injury that is traceable to the acts of the Assurant defendants and he lacks standing to sue them." But this reasoning would allow any Rule 12(b)(6) motion to be restyled as a Rule 12(b)(1) standing motion. While standing and merits questions frequently overlap, standing is fundamentally about the propriety of the individual litigating a claim irrespective of its legal merits, while a Rule 12(b)(6) inquiry is concerned with the legal merits of the claim itself.

No. 13 CIV. 3007 DLC, 2013 WL 5995582, at *2 (S.D.N.Y. Nov. 12, 2013) (internal quotation omitted). Several other courts have also declined to consider the filed rate argument under Rule 12(b)(1), explaining "that a filed rate argument is a defense on the merits, rather than a challenge to subject matter jurisdiction." *See Hoover v. HSBC Mortgage Corp. (USA)*, 9 F. Supp. 3d 223, 237 (N.D.N.Y. 2014) (collecting cases).

In light of this persuasive authority, the Court finds that the filed rate argument is not properly raised here as a standing or jurisdictional argument under Rule 12(b)(1) and should instead be decided under Rule 12(b)(6).[9] *See Singleton v. Wells Fargo Bank, N.A.*, No. 2:12-CV-216, 2013 WL 5423917, at *1–3 (N.D. Miss. Sept. 26, 2013) (analyzing filed rate argument under rule 12(b)(6)). Given, however, that Griffin will be provided the opportunity to re-plead her claims for the reasons that follow, the evaluation of American Security's filed rate argument under Rule 12(b)(6) will not be reached at this time.

---

[9] On June 2, 2015, American Security filed a supplement to its motion to dismiss. Doc. #69. In the supplement, American Security cites a recent Northern District of Mississippi decision involving the filed rate doctrine. *Id.* at 1 (citing *Johnson v. Green Tree Servicing LLC*, No. 3:15-CV-18, 2015 WL 2452680 (N.D. Miss. May 22, 2015)). Notably, the *Johnson* Court analyzed the filed rate doctrine pursuant to Rule 12(b)(6), not Rule 12(b)(1). 2015 WL 2452680, at *2. To the extent that American Security now seeks to have its filed rate argument considered under Rule 12(b)(6), the Court will not entertain this new argument for purposes of evaluating American Security's pending motion to dismiss. *Gillaspy v. Dallas Indep. Sch. Dist.*, 278 Fed. App'x 307, 315 (5th Cir. 2008). Moreover, the briefing window closed several months ago, and American Security did not seek leave to file its untimely supplement. Consequently, American Security's supplemental brief, Doc. #69, will be stricken.

# B
# Shot Gun Pleading

American Security argues that Griffin's complaint violates the mandate of Rule 8 insofar as it: "names 13 defendants (not including five groups of 'John Doe' defendants)" without "specify[ing] which cause of action is alleged against which defendant(s)"; "fails to distinguish between the actions of named defendants"; and "incorporates by reference every one of its numerous allegations into each count." Doc. #33 at 2–3. In other words, American Security contends that dismissal is warranted because the complaint is a shotgun pleading.

As a general matter, "[a] pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a complaint falls short of this directive, a defendant may move to dismiss the claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering the interplay between Rule 8 and Rule 12, the United States Supreme Court has explained:

> To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and punctuation omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–58 (2007)). Under this standard, a "court must accept all well-pleaded facts as true and view those facts in the light most favorable to the

plaintiff." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n.44 (5th Cir. 2011) (citation, internal quotation marks, and punctuation omitted).

Shotgun pleadings, which run afoul of Rule 8, are characterized as complaints "contain[ing] several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellog Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002); *see also Bates v. Laminack*, 938 F. Supp. 2d 649, 666 (S.D. Tex. 2013) ("shotgun pleadings ... incorporate antecedent allegations by reference into new allegations") (internal quotation marks omitted). "[Q]uintessential" shotgun pleadings also fail to distinguish between the actions of named defendants. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). "What makes a pleading an objectionable 'shotgun' pleading is the inclusion of irrelevant and unrelated facts not tied to specific causes of action such that the claims made are indeterminate and the defendant's task in defending against them is significantly impaired." *Martinez v. Nueces Cnty., Tex.*, No. 2:13-CV-178, 2013 WL 6190519, at * 4 (S.D. Tex. Nov. 26, 2013) (citation omitted). Such a pleading forces a "trial court [to] sift out the irrelevancies, a task that can be quite onerous." *Strategic Income Fund*, 305 F.3d at 1295. Shotgun complaints are subject to dismissal under Rule 12(b)(6). *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126–27 (11th Cir. 2014) ("A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement pursuant to Rule 12(e) on the ground that the complaint provides it with insufficient notice to enable it to file an answer.") (footnotes omitted).

Here, each count of Griffin's 61-page complaint purports to incorporate by reference "[a]ll the other allegations of this Complaint … as if fully set forth in this count." Doc. #2 at ¶¶

9

117, 138, 143, 155, 175, 180, 189, 195, 198, 202. This broad language incorporates both antecedent and subsequent allegations contained in the complaint, meaning every count necessarily implicates every fact and defendant. Additionally, numerous allegations in the complaint attribute conduct to "HSBC" and agents of "HSBC" (including American Security) without identifying to which entity "HSBC" refers, or distinguishing between the conduct of the individual HSBC corporate entities.[10] *See id.* at ¶¶ 26, 41–49, 52–56, 58–64, 67, 71–72, 74–75, 78–79, 81, 84–92, 94–95, 97, 99, 103–105, 108–109, 111, 113–114, 130–135, 141, 147–151, 153–154, 157–173, 186, 189. Moreover, several of the allegations refer to all of the defendants without explaining the basis for such grouping. *See id.* at ¶ 177 ("the Defendants"), ¶ 178 ("unlawful practices of Defendants"), ¶ 192 ("conduct of the defendants").

Because Griffin's complaint is a quintessential shotgun pleading, which frustrates the very purpose of Rule 8, it is subject to dismissal pursuant to Rule 12(b)(6). *Sahlein v. Red Oak Capital, Inc.*, No. 3:13-CV-00067, 2014 WL 3046477, at *4 (N.D. Miss. July 3, 2014); *Strategic Income Fund, L.L.C.*, 305 F.3d at 1295; *Gordon v. Green*, 602 F.2d 743, 746 (5th Cir. 1979) (The purpose of Rule 8 is "to [e]liminate prolixity in pleading and to achieve brevity, simplicity, and clarity."); *Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the] complaint failed to satisfy [Rule 8]."). Griffin's complaint will suffer such a fate and be dismissed.

---

[10] Griffin has sued HSBC Finance Corporation, HSBC Mortgage Services, Inc., and one set of HSBC John Does. Doc. #2 at ¶¶ 2, 3, 14. Griffin alleges that HSBC Mortgage Services, Inc., is a subsidiary of HSBC Finance Corporation. *Id.* at ¶¶ 2–3. She defines "HSBC group" to include HSBC Holdings, plc (a nonparty), HSBC Finance Corporation, HSBC Mortgage Services, Inc., and their "various subsidiaries and affiliates and their subsidiaries." *Id.* at ¶ 4. She also alleges that American Security and several other defendants may be agents of "HSBC." *Id.* at ¶ 26. To the extent that many of Griffin's claims against American Security are based on an agency theory, her failure to distinguish between the conduct of the corporate entities is particularly problematic. In Mississippi, "two or more corporations are separate and distinct entities," which are responsible for their own conduct unless circumstances justify the piercing of the corporate veil. *Buchanan v. Ameristar Casino Vicksburg, Inc.*, 957 So. 2d 969, 978 (Miss. 2007).

Consequently, Griffin's motion to strike, which asks the Court to exclude and not consider "most of the material submitted by American Security ... as exhibits to its Motion to Dismiss," will be denied as moot. Doc. #51 at 1.

## C
## Leave to Amend

When a court finds that a motion to dismiss should be granted on the basis of a failure to comply with Rule 8, it is generally appropriate to provide the plaintiff an opportunity to remedy the pleading deficiencies through the filing of an amended complaint. *See Gordon*, 602 F.2d at 745 ("We think the Trial Court should have dismissed the complaints with leave to amend."); *see also Atascocita Realty Inc. v. Western Heritage Ins. Co.*, No. H–10–4519, 2012 WL 423395, at *1 (S.D. Tex. Feb. 8, 2012) ("The Court grants Plaintiff leave to amend its original petition so as to comply with the standards of Rules 8 and 9(b)."). The Court concludes that such relief is warranted here.[11]

## D
## Remaining Arguments

Defendants' remaining arguments, including American Security's filed rate argument and MERS's arguments in its motion to dismiss, relate to the adequacy of the allegations of Griffin's complaint.[12] Insofar as this Court has determined that the complaint must be re-pled, the substantive arguments of both American Security and MERS will be deemed moot. *See Center*

---

[11] Griffin's complaint is 61 pages long—which demonstrates that detail alone cannot be utilized to prevent dismissal for noncompliance with Rule 8 of the Federal Rules of Civil Procedure. In complex cases involving multiple defendants and multiple counts, it is imperative that litigants ensure compliance with basic pleading requirements. This is especially true when due to the sophisticated nature of the parties and uncertainty regarding the facts, many of the defendants are John Does or best-guess named defendants. In light of *Twombly* and *Iqbal*, a party faced with this scenario unnecessarily gambles when it names defendants before obtaining sufficient facts to allege a facially plausible claim. Here, it is apparent that Griffin likely included every fact at her disposal, but these facts are not consistently precise regarding the conduct of the named defendants.

[12] MERS argues that Griffin fails to state a claim against it for both accounting and rescission, and that Griffin concedes in her Second Amended Complaint that accounting and rescission are the only claims involving MERS. Doc. #25 at 1 (citing Second Amended Complaint at ¶ 13).

*for Reconstructive Breast Surgery, LLC v. Blue Cross Blue Shield of Louisiana*, No. 11–806, 2013 WL 5519320, at * 2 (E.D. La. Sep. 30, 2013) ("[I]n light of Plaintiffs' need to re-plead, the other pending motions to dismiss are dismissed as moot.") (emphasis omitted); *Family Watchdog, LLC v. Schweiss*, No. 609-CV-296-ORL-28GJK, 2009 WL 2151152, at *7 (M.D. Fla. July 13, 2009) (dismissing shotgun complaint and denying defendants' motion to dismiss as moot).

### IV
### Conclusion

For the reasons explained above: (1) Assurant's motion [30] to dismiss is **DENIED as moot**; (2) American Security's supplemental brief [69] in support of dismissal is **STRICKEN**; (3) American Security's motion [32] to dismiss is **GRANTED in part and DENIED in part**. It is GRANTED as to the shotgun pleading argument and DENIED as moot in all others respects; (4) MERS's motion [24] to dismiss is **DENIED as moot**; and (5) Griffin's motion [51] to strike is **DENIED as moot**. Griffin shall have twenty-one (21) days from the entry of this order to file an amended complaint that complies with the applicable Federal Rules of Civil Procedure.

SO ORDERED, this 1st day of July, 2015.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**