IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LAKISHA ROCHELLE GRIFFIN** **PLAINTIFF**

V.  NO. 4:14-CV-00132-DMB-JMV

**HSBC MORTGAGE SERVICES, INC.,**
**ET AL.** **DEFENDANTS**

## ORDER DENYING MOTION TO STAY

On March 3, 2016, Defendant American Security Insurance Company ("ASIC") filed a motion to stay this proceeding for an indefinite period of time. Doc. #149 at ¶ 14 ("The requested stay is temporary and will be of limited duration."). The next day, Defendants HSBC Mortgage Services Inc., and HSBC Finance Corporation (collectively, "HSBC") joined ASIC's motion to stay. Doc. #151. ASIC and HSBC contend that Plaintiff Lakisha Griffin is a settlement class member in two settled national class action cases[1] involving ASIC and HSBC, where "final orders and judgments"[2] were entered which resolved Griffin's claims regarding lender-placed flood and hazard insurance. ASIC and HSBC argue that based on the class action settlements, "Griffin's claims related to ASIC's hazard and flood LPI placements to protect HSBC's interest in the Griffin property were released" and that the instant case should be stayed until pending motions to enforce the final orders and judgments against Griffin are resolved. Doc. #149 at 1; Doc. #150 at 6.

---

[1] The "settled national class action cases" identified in the motion are *Weller v. HSBC Mortg. Servs., Inc., et al.*, No. 1:13-cv-00185 (D. Colo.); and *Diaz v. HSBC Bank USA, N.A., et al.*, No. 13-21104-CIV-MORENO/GARBER (S.D. Fla.).

[2] The motion states that "[o]n October 19, 2015, the United States District Court for the District of Colorado court entered its final approval order in the *Weller* case;" "[o]n October 20, 2015, the Weller court entered its final judgment dismissing the action on the merits and with prejudice;" [o]n October 29, 2014, the United States District Court for the Southern District of Florida entered its final approval order in the *Diaz* case;" and "[o]n October 29, 2014, the *Diaz* court entered a final judgment dismissing the action on the merits and with prejudice." Doc. #149 at 2.

Griffin filed a response opposing the motion to stay on March 14, 2016.  Doc. #156.  Griffin takes the position that she is not a settlement class member in the referenced cases, and that "a stay would prejudice [her] case in this Court." *Id.* at 1–3.

Upon consideration, having reviewed the parties' submissions on the motion, along with pertinent portions of the record, the Court finds that Griffin has sufficiently alleged claims that appear to be outside the scope of the matters resolved in the settled national class action cases.  Given this, and because substantially the same discovery will more than likely apply to each of Griffin's claims, the motion [149] to stay is **DENIED**.  The request for a stay, however, may be renewed should any ruling or other event in the national class action cases definitively conclude that some or all of Griffin's pending claims before this Court have been released.

SO ORDERED, this 18th day of March, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**