# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**LAKISHA ROCHELLE GRIFFIN a/k/a**
**LAKISHA ROCHELLE GRIFFIN SORRELS**                          **PLAINTIFF**

v.                              CIVIL ACTION NO. 4:14-cv-00132-DMB-JMV

**HSBC MORTGAGE SERVICES INC., et al.**                        **DEFENDANTS**

## AGREED ORDER

This matter is before the Court on Plaintiff Lakisha Rochelle Griffin's and Defendant American Security Insurance Company's ("ASIC") (collectively, the "Parties") Joint Motion for Entry of Agreed Order Regarding ASIC's Motions to Compel [ECF Nos. 260 & 261]. ECF No. 280. Having reviewed the Parties' Agreed Order, and being otherwise advised in the premises, the Court hereby **GRANTS** the Parties' Joint Motion, and adopts and enters the Agreed Order on the terms set forth below.

## ASIC'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Plaintiff must respond to ASIC's Requests for Production of Documents in accordance with the following:

1.  ASIC's Requests for Production seek information that is relevant to this matter, and Plaintiff has not raised a valid objection to the contrary.

2.  Apart from objections as to privilege, all of Plaintiff's objections are overruled.

3.  Plaintiff must represent that she has produced all responsive documents in her possession, custody, and control after a thorough search, including of Plaintiff's emails and text messages.

4.  It is improper for Plaintiff to produce documents responsive to ASIC's Requests through Eric Hawkins, who purportedly is her former attorney. Plaintiff must represent that she

has performed her own, independent search, including of her emails and other electronically-stored information. Additionally, Plaintiff must produce all documents that Eric Hawkins possesses that are responsive because such documents are within Plaintiff's possession, custody, and control.

5. If Plaintiff is withholding documents on privilege grounds, Plaintiff must provide a privilege log listing each withheld document in accordance with the Federal and Local Rules.

6. Plaintiff must produce all responsive documents in her possession, custody and control, by way of example, these documents would include, but are not limited to:

   a. Plaintiff's tax returns as sought in ASIC's Request No. 18, which are available to Plaintiff immediately at the website https://www.irs.gov/uac/newsroom/request-a-transcript-or-copy-of-a-prior-year-tax-return;

   b. All documents relating to her assets, liabilities, and net worth, as requested in ASIC's Request No. 19, including, but not limited to, bank and other financial statements, loan applications, mortgage applications, and documents relating to her 2008 bankruptcy, including schedules;

   c. All documents regarding other lawsuits as sought through ASIC's Request No. 20;

   d. All documents (including emails) referring or relating to communications between Plaintiff and any person regarding this lawsuit (including Eric Hawkins), the allegations in the complaint, or the facts relating to this lawsuit, as sought through ASIC's Request No. 21; and

   e. The missing documents and attachments listed in ASIC's Motions to Compel with respect to Request Nos. 7 and 24, or, alternatively, provide a written explanation of why the documents were lost and not retained.

7. Plaintiff must produce all information responsive to ASIC's Requests, as well as any privilege log, by no later than September 27, 2016. Plaintiff's production must be made in accordance with Federal Rule of Civil Procedure 34(b)(2)(E), meaning that information must be produced in a manner that is organized and labeled to correspond to ASIC's Requests.

## ASIC'S INTERROGATORIES

Plaintiff must respond to ASIC's Interrogatories in accordance with the following:

8. ASIC's Interrogatories 2-25 seek information that is relevant to this matter, and Plaintiff has not raised a valid objection to the contrary.

9. Apart from privilege, all of Plaintiff's objections are overruled.

10. To the extent that Plaintiff believes information responsive to any Interrogatory is contained in a document, she must cite to the specific pages, by Bates number, of any such document *and* provide an explanation of the information in any such documents that Plaintiff believes to be responsive. In so doing, Plaintiff may not cite generally to her initial disclosure documents, expert disclosure and report, or any other group of documents. Likewise, Plaintiff may not rely on citations to her, or any other witnesses', deposition testimony.

11. Plaintiff must provide complete, good faith answers to ASIC's Interrogatories 2-25. Plaintiff's answers must contain the information requested, including the information sought in each subpart. In order to provide such answers, Plaintiff must make a diligent effort to obtain and review relevant information and include such information in her responses. To the extent that, after a diligent search, Plaintiff cannot fully answer an Interrogatory or any subpart, Plaintiff must respond to the extent she can and state in her response to such Interrogatory the efforts she made to obtain responsive information. Plaintiff is cautioned that such a response should only be employed after a diligent and thorough search for information has been completed and has failed to locate responsive information.

12. Plaintiff's complete, good faith answers to ASIC's Interrogatories 2-25 must be verified under oath as required by Federal Rule of Civil Procedure 33(b)(3).

13. Plaintiff must provide ASIC with all her Interrogatory answers, as well as any privilege log, by no later than September 27, 2016. Plaintiff may not delay providing complete, good faith answers to ASIC's Interrogatories on the basis that she allegedly requires discovery from Defendants.

14. Any failure to comply with this Order, as it pertains to either ASIC's Requests for Production or Interrogatories, will result in an Order requiring Plaintiff and/or her counsel to pay to ASIC the reasonable attorneys' fees incurred in preparing and filings its Motions to Compel, Rebuttals in support, and any additional motions required as a result of her failure to comply with this Order.

SO ORDERED this 15th day of September, 2016.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE

32736031v1